IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
HATTIESBURG DIVISION

ARTHUR J. JONES, JR.                                                PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:18cv84-KS-MTP

CITY OF HATTIESBURG,
Detective Sergeant NEAL ROCKHOLD, Individually
and as the agent of the Defendant, City of Hattiesburg            DEFENDANTS

---

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

---

Defendants, City of Hattiesburg and Detective Sergeant Neal Rockhold, file this

Memorandum in Support of their Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and state in

support:

### INTRODUCTION

Plaintiff, Arthur J. Jones, Jr., states in his Complaint that on or about July 7, 2015, he was

wrongly arrested for the murder of Jabari Goudy. The Complaint states he was released on

March 12, 2016.

Plaintiff filed his Complaint on May 1, 2018, which was timely removed to this Court on

May 15, 2018. [Doc. #1]. The Complaint contains boilerplate allegations regarding the claims

against the City of Hattiesburg and Sergeant Rockhold in his official capacity that are

insufficient to state a claim under 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social*

*Services,* 436 U.S. 658 (1978).  Plaintiff's state law claims are barred by the one year statutes of

limitation and the reckless disregard standard of the Mississippi Tort Claims Act. Miss. Code

Ann. § 11-46-9(1)(c).

1

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.,* 615 F.3d 412, 417 (5th Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## ARGUMENT

I.      **The Complaint does not state a claim pursuant to *Monell* against the City of Hattiesburg or Detective Rockhold in his official capacity.**

To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the person depriving Plaintiff of the right acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48, (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir. 1988).

Municipal liability under Section 1983 requires that a plaintiff prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)(citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

2

> A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy.

*Gates v. Texas Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 436 (5th Cir. 2008). "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; **it must contain specific facts.**" *Spiller v. City of Tex. City,* 130 F.3d 162, 167 (5th Cir. 1997)(emphasis added); *see also Whitley v. Hanna,* 726 F.3d 631, 649 (5th Cir. 2013)(complaint must contain specific factual allegations about the municipal policy); *Ducksworth,* 2015 U.S. Dist. Lexis 20563 at *5-6; 2015 WL 737573(dismissing Plaintiff's Section 1983 claim against City and individual defendants in their official capacities because plaintiff failed to allege any specific policy statement, ordinance, regulation, decision, or custom that was the "moving force" behind the alleged constitutional violations or a pattern or practice).

The allegations within the Complaint contain only a few conclusory statements concerning alleged constitutional violations. The Complaint does not allege any facts that would support a *Monell*-based policy of violating constitutional rights. The only allegation within the Complaint regarding a policy is within Paragraph XVIII, and it consists of boilerplate language without any facts specific to this case.

### XVIII.

Additionally the Defendants acting by and through its employees and investigators and pursuant to policy, custom or practice of the Defendants, violated the Plaintiffs' (sic) rights under the Mississippi Constitution and the United States Constitution including but not limited to Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983.

Doc. #1-2 at 5.

3

Plaintiff's Complaint does not allege his claims are founded upon any policy statement, ordinance, regulation, or decision that was the moving force of the alleged constitutional violations. Likewise, the Complaint fails to provide specific facts demonstrating a "pattern and practice" of similar alleged constitutional violations. Therefore, the "Complaint fails to include sufficient facts to allow the Court to infer a 'persistent, widespread practice' ... 'so common and well settled as to constitute a custom that fairly represents a municipal policy.'" *Fuhgetaboutit, LLC v. Columbus Police Dep't*, 2011 U.S. Dist. LEXIS 120150, at *14–*15 (N.D. Miss. 2011)(quoting *Webster v. City of Houston*, 735 F.2d 838, 853 (5th Cir. 1984)). Accordingly, Plaintiff has failed to state a claim under Section 1983 against the City of Hattiesburg or Detective Rockhold in his official capacity, and those claims should be dismissed.

**II.     Plaintiff's state law claims are time barred because they were not filed within the one year statutes of limitation.**

To the extent Plaintiff alleges state law torts, those claims are time barred by the one year statutes of limitation pursuant to Mississippi Code Ann. §§ 15-1-35 and 11-46-11.

The Mississippi Tort Claims Act does not waive immunity for intentional torts. Intentional torts are not subject to the notice of claim provision or tolling provision of Miss. Code Ann. § 11–46–1(1). *McGehee v. DePoyster*, 708 So. 2d 77, 78 (Miss. 1998); *See Ducksworth v. Rook*, 2:14-CV-146-KS-MTP, 2015 WL 3796065, at *2 (S.D. Miss. June 18, 2015)(stating, "the MTCA's notice provisions 'are not applicable to a government employee sued in his individual capacity for actions not within the scope of his employment.' By definition, a government employee is not 'acting within the course and scope of his employment' if his conduct 'constituted fraud, **malice**, libel, slander, defamation, or any criminal offense other than traffic violations,' ... and each of the claims previously dismissed pursuant to the statute of limitations fall within that definition.")(emphasis added, citations omitted). In *Borgognoni v.*

*City of Hattiesburg, Mississippi*, 2:13-cv-241-HSO-RHW, 2015 WL 12672160, at \*14 (S.D. Miss. 2015) this Court stated,

> To the extent that Plaintiff's claims fall outside the scope of the MTCA, they are not subject to the MTCA's statute of limitations, and a notice of claim would not toll the statute of limitations. *McGehee v. DePoyster*, 708 So. 2d 77, 80-81 (Miss. 1998) (citing Miss. Code §§ 11-46-5(2) & 11-46-7(2)); *Delaney*, 2013 WL 286365, at \*9. Instead, Mississippi Code § 15-1-35 sets forth a one-year statute of limitations period for intentional torts. *See Delaney*, 2013 WL 286365, at \*9. Section 15-1-35 provides:
>
>> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss. Code. § 15-1-35.

Plaintiff's Complaint states he was arrested on or about July 7, 2015. He did not file suit until May 1, 2018. A claim for false arrest accrues on the day the arrest occurred. *Hagan v. Jackson Co.*, No. 1:13-cv-268-HSO-RHW, 2014 U.S. Dist. Lexis 138678, at \*38 (S.D. Miss. 2014); *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1217-1218 (Miss. 199). A claim of false imprisonment also accrues on the day of arrest. *Parker v. Miss. Game Fish Comm'n*, 555 So.2d 725, 727 (Miss. 1989). Malicious prosecution accrues at the time charges are dismissed. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217 (Miss. 1990). Jones was never indicted, so this claim accrued when he was released on March 12, 2016, at the latest.

A claim for intentional infliction of emotional distress accrues on the date upon which the intentional acts forming the basis of the claim occurred. *CitiFinancial Mortg. Co. v. Washington*, 967 So.2d 16, 19 (Miss.2007); *Tisdale v. New Palace Casino*, No. 1:11–CV–166–HSO–JMR, 2011 U.S. Dist. LEXIS 133385, at \*4–\*5 (S.D.Miss. Nov. 17, 2011). Plaintiff claims he was intentionally wrongfully arrested on July 7, 2015. *Ducksworth v. Rook*, 2:14-CV-

146-KS-MTP, 2015 WL 737574, at *5 (S.D. Miss. Feb. 20, 2015)(finding intentionally infliction of emotional distress accrual date and start of statute of limitation from the date of arrest).

Plaintiff's remaining state law claims for negligence, reckless disregard, and negligent infliction of emotional distress are barred by the one year statute of limitation pursuant to Miss. Code Ann. § 11-46-11. Under the MTCA, suits against governmental entities must "be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based...." Miss. Code Ann. § 11–46–11(3)(a). However, filing a notice of claim with a governmental entity allows for the statute of limitations to be tolled.  However, the notice of claim must be served "within the required one-year period." *Id.* See *U. of Mississippi Med. Ctr. v. McGee*, 999 So. 2d 837, 841 (Miss. 2008)(holding that a claim that "occurred more than one year prior to providing notice…is barred by the statute of limitations"). The events giving rise to Plaintiff's claim occurred and accrued at the time of his arrest on July 7, 2015, and certainly no later than his release on March 12, 2016. He did not provide notice of claim until January 9, 2018. Doc. #1-2 at 2.

The Court should dismiss Plaintiff's state law claims as untimely.

## III.   The City of Hattiesburg is immune from intentional torts.

The Mississippi Tort Claims Act waived the City's sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." Miss. Code Ann. § 11-46-5(1).  However, "an employee shall not be considered as acting within the course and scope of his employment and **a governmental entity shall not be liable or be considered to have waived immunity** for any conduct of its employee if the employee's conduct constituted fraud,

**malice,** libel, slander, defamation or any criminal offense other than traffic violations." Miss.

Code Ann. § 11-46-5(2)(emphasis added).

The City of Hattiesburg has not waived its immunity from liability against Plaintiff's

claims for unlawful arrest, malicious prosecution and intentional infliction of emotional distress

as each of these require a showing of malice. *Ducksworth v. Rook*, 2:14-cv-146-KS-MTP, Doc.

#16 at 11, Opinion and Order (citing *McPhail v. City of Jackson*, No. 3:13-CV-146-HSO-RHW,

2014 U.S. Dist. LEXIS 84962, at *28-*29 (S.D. Miss. 2014); *R.S. v. Starkville Sch.Dist.*, No.

1:12-CV-88-SA-DAS, 2013 U.S. Dist. LEXIS 134264, at *43-*45 (N.D. Miss. 2013); *Delaney v.*

*Miss. Dep't of Pub. Safety*, No. 3:12-CV-229-TSL-MTP, 2013 U.S. Dist. LEXIS 9600, at *17-

*18 (S.D. Miss. 2013); *McBroom v. Payne*, No. 1:06-CV-1222-LG-JMR, 2010 U.S. Dist. LEXIS

107124, at *23-*24 (S.D. Miss. 2010).

These claims are barred as a matter of law due to immunity and should be dismissed.

**IV.    Plaintiff's negligence claims fail under the reckless disregard standard of the Mississippi Tort Claims Act.**

The Mississippi Tort Claims Act ("MTCA") provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (c) Arising out of any act or omission of any employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury . . .

Miss. Code Ann. § 11-46-9(1)(c). "[W]here the act or omission complained of falls within any of

the exemptions found in § 46-11-9(1), the government is completely immune from any claims

arising from that act or omission." *Chapman v. City of Quitman*, 954 So.2d 468, 476 (Miss.

App. 2007). Governmental immunity "is an entitlement not to stand trial rather than a mere

defense to liability, and, therefore, should be resolved at the earliest possible stage." *Mitchell v. City of Greenville*, 846 So.2d 1028, 1029 (Miss. 2003).

Plaintiff's claims for negligence and negligent infliction of emotional distress fail under the heightened reckless disregard standard of the MTCA, requiring them to be dismissed. *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999)(stating, "...reckless disregard is a higher standard than gross negligence."); *Ducksworth v. Rook*, 2:14-cv-146-KS-MTP, Doc. #16 at 11, Opinion and Order (citing *Bonney v. Leflore County*, No. 4:11-CV-107-SA-JMV, 2013 U.S. Dist. LEXIS 42522, at \*11-\*12 (N.D. Miss. 2013) and finding that "§ 11-46-9(1)(c) does provide immunity against Plaintiff's claims of Negligence…as such claims necessarily do not reach the 'reckless disregard' standard.").

WHEREFORE, Defendants request that this Court dismiss the above stated claims in Plaintiff's Complaint pursuant to F.R.C.P 12(b)(6).

Respectfully Submitted, this the 16th day of May, 2018.

/s/ Lane Dossett
CLARK HICKS, JR. (MSB No. 8963)
R. LANE DOSSETT (MSB No. 102927)
*Attorneys for Defendants*

Hicks Law Firm, PLLC
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 13850
Hattiesburg, MS 39404-8350
Telephone:  601.544.6770
Facsimile:  601.544.6775
Email: clark@hicksattorneys.com
        lane@hicksattorneys.com

8

## <u>CERTIFICATE OF SERVICE</u>

I, undersigned counsel, do hereby certify that I have this day electronically filed the foregoing ***Memorandum in Support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)*** the Clerk of the Court using the ECF system, which sent notification of such filing to all registered users, including, the opposing party's attorney.

THIS the 16th day of May, 2018.

/s/ Lane Dossett
CLARK HICKS, JR. (MSB No. 8963)
R. LANE DOSSETT (MSB No. 102927)
*Attorneys for Defendants*