IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ARTHUR J. JONES, JR.**                                                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 2:18-CV-84-KS-MTP**

**CITY OF HATTIESBURG and
DETECTIVE SERGEANT NEAL
ROCKHOLD**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [5] and Motion to Strike [20] filed by Defendants City of Hattiesburg and Neal Rockhold, as well as the Motion to Amend [12] filed by Plaintiff Arthur J. Jones, Jr. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1.      the Motion to Amend [12] is well taken and should be granted;

2.      the Motion to Dismiss [5] should be granted in part, denied in part, and denied as moot in part;

3.      the Motion to Strike [20] should be denied as moot.

## I. BACKGROUND

Plaintiff Arthur J. Jones, Jr. ("Plaintiff"), was arrested on July 6, 2015, for the murder of Jabarri Goudy. Bond was initially set for $500,000.00, but was eventually reduced to $400,000.00. Unable to afford bond, Plaintiff remained in jail until March 12, 2016, when his bond was reduced to $50,000.00. On October 10, 2017, Plaintiff was informed that the murder charge against him had been dismissed. Some time later, Plaintiff learned that Andreco Deshun Guston had been charged with Goudy's murder around the time Plaintiff was released on bond.

Plaintiff filed suit against Defendants City of Hattiesburg (the "City") and Detective Sergeant Neal Rockhold ("Rockhold") (collectively "Defendants"), on May 1, 2018, in the Circuit Court of Forrest County, Mississippi, bringing claims under 42 U.S.C. § 1983 for various constitutional violations, as well as numerous state law claims.

Defendants removed the action to this Court on May 15, 2018, and filed their Motion to Dismiss [5] the next day. Plaintiff then filed his Motion to Amend [12] on June 11, 2018, along with his response to Defendants' motion. Finally, on June 22, 2018, Defendants filed their Motion to Strike [20], arguing that certain arguments and exhibits in Plaintiff's response were inappropriate and should be struck. These motions have all been fully briefed, and the Court is now ready to rule.

## **II. MOTION TO AMEND [12]**

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial [of a motion to amend]." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)) (internal quotations omitted). Defendants argue that the amendments in the Amended Complaint [12-1] are futile and that Plaintiff's Motion to Amend [12] should therefore be denied.

It is true that many of the claims in Plaintiff's Amended Complaint [12-1] fail for the same reasons they fail in his original Complaint [1-2]. However, the amendments do cure fatal defects in other claims previously brought in his original pleading. Because the arguments and allegations

2

relied on by Defendants in their Motion to Dismiss [5] do not fundamentally change with the filing of the Amended Complaint [12-1],[1] with the exception of Plaintiff's § 1983 claims, the Court will **grant** the Motion to Amend [12] and use the Amended Complaint [12-1] in its analysis of the Motion to Dismiss [5].

### III.  MOTION TO DISMISS [5]

   A.   **Standard of Review**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows *the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).  "[W]hen a

---

[1] All of Defendants' arguments, with the exception of those that go towards the federal claims, deal with either statute of limitation issues or immunity issues, neither of which are affected by the proposed amendments.

successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

The Court addresses each claim Plaintiff brings in his Amended Complaint [12-1] in turn.

### B. § 1983 Claims against the City and Rockhold in his Official Capacity

Because the Court has granted Plaintiff's Motion to Amend [12], the arguments brought by Defendants with regards to Plaintiff's § 1983 claims have been rendered moot. Therefore, the Motion to Dismiss [5] will be **denied as moot** as to the § 1983 claims against the City and Rockhold in his official capacity.

### C. Reckless Disregard

Defendants argue that this claim is time-barred under the one-year statute of limitation for intentional torts and, additionally, that the City cannot be held liable for this claim under the Mississippi Torts Claim Act ("MTCA") because it is an intentional tort. The Court would first note that it has not been sufficiently shown that a claim of reckless disregard is considered an intentional tort under Mississippi law, as malice is not a component of reckless disregard. Defendants' argument that the City cannot be liable under this tort are therefore not persuasive. Second, although the arrest occurred on July 7, 2015, Defendants ignore the allegation in both Plaintiff's original Complaint [1-2] and his Amended Complaint [12-1], which states that the charge against Plaintiff was not dismissed until October 10, 2017. (*See* Complaint [1-2] at p. 4; Amended Complaint [12-1] at ¶ 51.) Plaintiff's claim of reckless disregard covers the entire period from arrest to dismissal of the charge, which did not occur until October 2017. Even if the Court were to accept that a one-year statute of limitation applies, Plaintiff's filing date of May 1, 2018,

4

is well within a year of October 10, 2017. The Motion to Dismiss [5] will therefore be **denied** as to this claim.

### D. Malicious Prosecution

Plaintiff's malicious prosecution claim under state law is brought only against Defendant Rockhold.[2] Defendants argue that the one-year statute of limitation bars recovery on this claim. This one-year statutory period does not begin to run until the termination of the criminal proceeding in question in Plaintiff's favor. *See Joiner Ins. Agency, Inc. v. Principal Cas. Ins. Co.*, 684 So.2d 1242, 1244 (Miss. 1996) (citing *Page v. Wiggins*, 595 So.2d 1291, 1293 (Miss. 1992)). Defendants argue that, because Plaintiff was never indicted, the proceeding terminated upon his release in March 2016. However, Plaintiff has alleged in both his original Complaint [1-2] and his Amended Complaint [12-1] that the murder charge against him was not dismissed until October 10, 2017. (*See* Complaint [1-2] at p. 4; Amended Complaint [12-1] at ¶ 51.) With a murder charge still pending against him, the Court cannot say that the criminal proceeding against him had been terminated in March 2016. The date of accrual, then, is, at its latest, October 10, 2017, when Plaintiff was notified that the charge had been dismissed. His filing date of May 1, 2018, is within the statutory period. The Motion to Dismiss [5] will therefore be **denied** as to this claim.

### E. Abuse of Process

Plaintiff's abuse of process claim was brought for the first time in his Amended Complaint [12-1], and therefore the Motion to Dismiss [5] is not applicable to it.

---

[2] The Court infers this from Plaintiff's Amended Complaint [12-1], which names only Rockhold under this claim. If Plaintiff meant to bring this claim against the City as well, that claim would be barred by immunity as malice is an element of the claim. *See* Miss. Code Ann. § 11-46-5(2).

5

### F. False Arrest and Imprisonment

Defendants argue that Plaintiff's false arrest and imprisonment claims are barred by the applicable one-year statute of limitations. Both of these claims are subject to a one-year statute of limitation. *See* Miss. Code Ann. § 15-1-35. Both also accrue on the date of arrest. *See Parker v. Miss. Game & Fish Comm'n*, 555 So.2d 725, 727 (Miss. 1989). Therefore, because Plaintiff was arrested on July 7, 2015, more than one year before his filing dating of May 1, 2018, Plaintiff's false arrest and false imprisonment claims are barred by the statute of limitation. The Motion to Dismiss [5] will be **granted** as to these claims, and they will be **dismissed with prejudice**.

### G. Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff's intentional infliction of emotional distress is barred against the City on immunity grounds and barred against Rockhold by the one-year statute of limitation. Because the City is not liable for its employees' intentional torts, Defendants are correct in this respect, and the intentional infliction of emotional distress claim against the City must be **dismissed with prejudice**. *See* Miss. Code Ann. § 11-46-5(2).

Plaintiff, however, alleges that Rockhold's actions from the arrest on July 6, 2015, until the dismissal of the charge on October 10, 2017, are the basis of his intentional infliction of emotional distress claim. Because he specifically alleges that the actions continued until October 10, 2017, the Court accepts that date as the accrual date of the claim. Plaintiff filed on May 1, 2018, within a year of October 10, 2017, making Defendants argument that the statutory period had run incorrect. Therefore, the Motion to Dismiss [5] will be **denied** as to the intentional infliction of emotional distress claim against Rockhold.

### H. Negligent Infliction of Emotional Distress

Defendants argue that Plaintiff's claim of negligent infliction of emotional distress is barred by the MTCA. Miss. Code Ann. § 11-46-9(1)(c) exempts the City and its employees from liability for "activities relating to police . . . protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity." Negligence falls below this standard of "reckless disregard." *See Turner v. City of Ruleville*, 735 So.2d 226, 229-30 (Miss. 1999). Therefore, this claim must be **dismissed with prejudice**.

### I. Slander *Per Se*

Though brought in the original Complaint [1-2], Defendants' Motion to Dismiss [5] contains no mention of Plaintiff's slander claim. Therefore, the motion will be **denied** as to this claim.

### J. Negligence *Per Se*

Plaintiff's negligence *per se* claim fails for the same reasons as his negligent infliction of emotional distress claim and will be **dismissed with prejudice**. *See supra*, III.H.

## IV. MOTION TO STRIKE [20]

Because the arguments and exhibits that are the subject of Defendants' Motion to Strike [20] were not used in the Court's analysis of the Motion to Dismiss [5], the motion will be **denied as moot**.

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Amend [12] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss [5] is **granted in part**, **denied in part**, and **denied as moot in part**.

It is **granted** in that the following claims are **dismissed with prejudice**: false arrest, false imprisonment, intentional infliction of emotional distress against the City, negligent infliction of emotional distress, and negligence *per se*.

It is **denied** as to the following claims: reckless disregard, malicious prosecution, abuse of process, intentional infliction of emotional distress against Rockhold, and slander *per se*.

It is **denied as moot** as the § 1983 claims against the City and Rockhold in his official capacity.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike [20] is **denied as moot**.

SO ORDERED AND ADJUDGED, on this, the 30th day of July, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE