IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ARTHUR J. JONES, JR.                                                                               PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 2:18-cv-84-KS-MTP

CITY OF HATTIESBURG and
NEAL ROCKHOLD                                                                                  DEFENDANTS

### ORDER STAYING CASE

THIS MATTER is before the Court on Defendant Rockhold's Motion to Stay [47]. After considering the parties' filings and the law, the Court finds that the Motion should be granted.

Defendant Rockhold is a member in the United States Army and recently received deployment orders that may keep him out of the country through 2019. *See* Mot. [47] Exh. A. His absence from the country will prevent Defendant Rockhold from participating in this litigation and he requests a stay.

The Court shall stay an action upon the motion of a servicemember if the movant attaches a letter or documentation demonstrating his inability to participate in the litigation due to his military service. 50 U.S.C. § 3932.[1] Defendant Rockhold has attached both his deployment order and an affidavit to his Motion to Stay. Mot. [47] Exh. A, Exh. B.

Plaintiff opposes a blanket stay and argues that certain discovery matters may proceed without Defendant Rockhold's participation. It is true that the appropriateness of a stay under 50 U.S.C. § 3932 is determined by judicial evaluation and the Supreme Court has not created rigid rules, leaving the matter to the discretion of the district courts. *Forcier v. U. S. E.P.A.*, 2002 WL 368525, at *1 (N.D. Tex. Mar. 5, 2002).

---

[1] Previously cited as 50 U.S.C. App. § 521.

1

Defendant Rockhold is alleged to be the primary actor regarding the matters at issue in this litigation. Defendant Rockhold may be prejudiced by any pre-trial matters that occur during his deployment as he is not able to participate or confer with counsel. Plaintiff has not established that he will be prejudiced in any way by a stay. Further, certain discovery requests are opposed by third parties and may be resolved while the stay is pending. *See* Mot. to Quash [39].[2] The parties are always free to voluntarily share documents with one another, but formal discovery will be stayed in this matter pending further order.

The Court, therefore, finds that this matter should be stayed in its entirety for a six-month period. Counsel for Defendant Rockhold shall provide the Court with an update of his status by May 31, 2019.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Stay [47] is GRANTED.

SO ORDERED this the 27th day of November, 2018.

s/Michael T. Parker
United States Magistrate Judge

---

[2] The District Attorney objects to providing certain documents pursuant to a subpoena because prosecutions relating to this matter are ongoing. Those prosecutions may be completed during the stay.