# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ARTHUR J. JONES, JR.**                                                                                     **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 2:18-cv-84-KS-MTP**

**CITY OF HATTIESBURG and**
**NEAL ROCKHOLD**                                                                      **DEFENDANTS**

## ORDER TO PRODUCE PRIVILEGE LOG AND DOCUMENTS FOR IN CAMERA REVIEW

THIS MATTER is before the Court on the Motion to Quash [39] filed by former District Attorney Patricia Burchell.[1] Plaintiff responded in opposition to the motion, but before a reply was filed by the District Attorney's office, the case was stayed due to Defendant Neal Rockhold's deployment with the United States military. *See* Order [53]. The stay was lifted on January 15, 2020 and a case-management conference is scheduled in this matter for March 19, 2020.

Plaintiff brought this lawsuit in May 2018 asserting that he had been wrongfully arrested and incarcerated for over nine months in relation to the murder of Jabarri Goudy in 2015. The subpoena seeks production of the entire case files related to Arthur J. Jones, Keith Lamont Lee, Montrel Lee, Nijah Gray Lane, Andreco Guston, and Jeremy McKenzie— all in connection with the murder of Jabarri Goudy.

The District Attorney submits that the case against Jeremy McKenzie for the murder of Jabarri Goudy is still pending and has not been resolved. He seeks to withhold the work files because they may contain work-product and sensitive material relating to the prosecution. The

---

[1] The new District Attorney, Honorable Lin Carter, continues to urge the Motion to Quash [39].

District Attorney, however, has not produced a privilege log for the parties or the Court to review and fairly consider the claims of privilege.

Federal Rule of Civil Procedure 45(d)(3) requires "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The District Attorney asserts that the subpoena should be quashed because the material sought is privileged and protected under Rule 45(d)(3)(iii). However, when a party withholds material requested by a subpoena based on privilege or subject to protection as trial-preparation material they must "expressly make the claim and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). No such explanation or privilege log has been produced, and the District Attorney must submit such a log if he intends to pursue the Motion to Quash [39], as required by the rules.

Additionally, other courts grappling with the production of documents relating to an ongoing investigation have conducted an *in camera* review of the withheld material. *See United States v. Richardson,* 2014 WL 6475344, *2 (E.D. La. Nov. 18, 2014) (holding that a qualified privilege exists to protect investigative files in an ongoing investigation, but the court must review the documents *in camera* and determine which documents are privileged); *Coughlin v. Lee*, 946 F.2d 1152, 1160 (5th Cir. 1991) (remanding the matter because the district court did not consider whether the documents were privileged, did not inspect the documents *in camera*, and did not engage in a balancing of the competing interests).

The Court finds that a just determination of this issue cannot be reached without the production of a privilege log and an opportunity for this Court to conduct and *in camera* review. "A privilege log must contain at least the name of the documents, description of the documents, and the nature of the privilege asserted." *Ishee v. Federal Nat. Morg. Ass'n*, 2014 WL 2162753, at *1 (S.D. Miss. May 23, 2014).

The District Attorney is, therefore, directed to produce a privilege log for all documents responsive to the subpoena that have been withheld. The privilege log shall be produced to the Court and the parties by **April 1, 2020**. The District Attorney shall also produce all the withheld material to the Court for an *in camera* inspection by **April 1, 2020**.[2]

SO ORDERED, this the 12th day of March, 2020.

s/Michael T. Parker
United States Magistrate Judge

---

[2] It is possible that many of the records the District Attorney seeks to protect may have already been produced by the City of Hattiesburg. It may be appropriate for the District Attorney's office and counsel for the City of Hattiesburg to confer about the materials that have been produced so that the Court and the parties do not unnecessarily invest time, effort, and expense conducting a privilege review for the records that may have already been produced.